Gregory F. DANIEL, M.D., et al., Plaintiffs,

v.

**AMERICAN BOARD OF EMERGENCY MEDICINE, et al., Defendants.**

No. 90–CV–1086A.

United States District Court, W.D. New York.

Aug. 21, 2002.

Jaeckle, Fleischmann & Mugel, LLP (Ralph L. Halpern, Mary C. Fitzgerald, of Counsel), Buffalo, NY, Shearman & Sterling (George J. Wade, Kathleen M. Comfrey, of Counsel), New York City, for Plaintiffs.

Jackson & Campbell, P.C. (Philip L. O'Neill, of Counsel), Washington, D.C., Saperston & Day, P.C. (Thomas S. Gill, of Counsel), Buffalo, NY, for Defendants Riverside Methodist Hospitals and Our Lady of Mercy Medical Center.

Kelley Drye & Warren (Richard E. Donovan, of Counsel), New York City, for Defendant Our Lady of Mercy Medical Center.

Phillips, Lytle, Hitchcock, Blaine & Huber (Robert E. Glanville, of Counsel), Buffalo, NY, for Defendant ABEM and Liaison Counsel for Hospital Defendants.

ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), on April 24, 1991. Defen-

dant Tri–City Medical Center filed a motion for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on February 18, 1998. Defendants University of California Medical Centers at Los Angeles, Irvine and San Diego; University of Massachusetts Medical Center; University Hospital at the University of New Mexico School of Medicine; Oregon Health Sciences University Hospital; and Ohio State University Hospitals also filed motions, in the form of a letter dated November 5, 1998, requesting similar relief.[1] On February 12, 1999, Magistrate Judge Foschio filed a Report and Recommendation recommending that defendants' motions for entry of judgment pursuant to Rule 54(b) be granted.

Plaintiffs filed objections to the Report and Recommendation on March 3, 1999, and defendants filed responses thereto. Oral argument on the objections was held on August 14, 2002.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, the Court grants the instant motions for entry of final judgment pursuant to Rule 54(b). The Clerk of Court is hereby ordered to enter judgment in favor of defendants Tri–City Medical Center; University of California Medical Centers at Los Angeles, Irvine and San Diego; University of Massachusetts Medical Center; University Hospital at the University of New Mexico School of Medicine; Oregon Health Sciences University Hospital; and Ohio State University Hospitals based on the Order of the Court filed November 19, 1997.

IT IS SO ORDERED.

1. Defendants Tri–City Medical Center; University of California Medical Centers at Los Angeles, Irvine and San Diego; University of Massachusetts Medical Center; University Hospital at the University of New Mexico School of Medicine;

# REPORT and RECOMMENDATION

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

## JURISDICTION

This matter was referred to the undersigned for pretrial matters by order of Hon. Richard J. Arcara dated April 24, 1991. It is presently before the court on Defendant Tri–City Medical Center's motion for entry of final judgment pursuant to Fed.R.Civ.P. 54(b), filed February 18, 1998, (Doc. # 612) and Defendants, University of California Medical Centers at Los Angeles, Irvine and San Diego; University of Massachusetts Medical Center; University Hospital at the University of New Mexico School of Medicine; Oregon Health Sciences University Hospital; and Ohio State University Hospitals ("Moving Defendants"), motions, filed in the form of a letter dated November 5, 1998 (Doc. # 637), requesting similar relief.

## BACKGROUND

Familiarity with the prior proceedings is presumed, however, the court will restate the procedural history as necessary to an understanding of the issues presented. This action was commenced on September 25, 1990 by Plaintiff's, Dr. Daniel, complaint against Defendant American Board of Emergency Medicine ("ABEM") following ABEM's refusal to permit Plaintiff to take its examination as a prerequisite to certification as an ABEM Diplomate. Plaintiff filed an amended complaint on February 7, 1991, asserting causes of action under Sections 1 and 2 of the Sherman Act, 15 U.S.C. § 1 *et seq.*, and seeking relief pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. § 12 *et seq.* On January 13, 1994, a Second Amended Complaint was filed, adding 175 additional plaintiffs, emergency medicine physicians with similar claims, and 30 additional defendants, including the Council of Emergency

Oregon Health Sciences University Hospital; and Ohio State University Hospitals were previously dismissed from this case pursuant to an Order of the Court filed November 19, 1997.

Medicine Residency Directors ("CORD" or "CEMRD") and 28 teaching hospitals ("Hospital Defendants").

Specifically, the Second Amended Complaint alleges that Defendants conspired to unreasonably restrict competition in the market for emergency medicine physicians between ABEM certified physicians and non-certified emergency physician, including Plaintiffs, by eliminating ABEM's prior alternative qualification to sit for ABEM's certification examination on the basis of years of practice in emergency medicine ("the practice track"), under which Plaintiffs may have been eligible to take and pass the examination thereby acquiring ABEM's certification. Plaintiffs assert that the absence of ABEM certification has damaged their employability, earnings, promotional and other professional opportunities.

In their motion, filed February 24, 1994, Plaintiffs seek to certify a class of as many as 18,000 physicians whom they assert have claims against the Defendants similar to theirs. Defendants moved in March, April and May, 1994 to dismiss on various grounds, including, as to state and local government, Defendants' 11th Amendment immunity, state action doctrine, and the Local Government Anti–Trust Immunity Act, lack of personal jurisdiction and improper venue. On March 16, 1994, Defendants ABEM, Theide, and Disney, moved to stay class certification pending a determination of Defendants' motions. On April 25, 1994, Defendant Johns Hopkins moved to stay discovery. By order dated April 29, 1994 discovery was limited to the issues presented by the motions to dismiss.

On January 16, 1996 and July 15, 1996, the undersigned issued, respectively, Reports recommending that the governmental Defendants be dismissed ("the dismissed Defendants") on the grounds presented by the motions, that the private corporate Defendants remain as parties to the action ("the remaining Defendants"), and that Defendants' motion to dismiss for failure to state a claim be denied. Those recommendations were accepted in their entirety by order of the District Court dated November 19, 1997

referring the matter back to the undersigned for further proceedings.

By order dated December 5, 1997, Plaintiffs and remaining Defendants were directed to submit for the court's consideration proposed case management orders addressing Plaintiffs' pending motion for class certification and related discovery. Such proposals were submitted and a hearing thereon was conducted with the parties on January 14, 1998. At the hearing, several dismissed Defendants stated their intentions to file motions for entry of judgment pursuant to Fed. R.Civ.P. 54(b) and several other remaining Defendants indicated an intention to move for summary judgment as to their respective individual liability. At that time, the court did not enter any order directing such motions not be filed.

Subsequently, while the court had remaining Defendants' class action certification discovery requests and related scheduling orders submitted by the parties under advisement, dismissed Defendant TriCity filed its motion for Rule 54(b) judgment, and, on February 23, 1998, remaining Defendant, Riverside Methodist Hospitals, filed its motion for summary judgment based on the absence of any evidence of that defendant's nexus to the alleged conspiracy. However, as court-supervised settlement discussions were then underway, and given the pendency of Plaintiffs' class certification motion, the court entered an order, filed April 7, 1998, striking without prejudice, Riverside's motion and staying filing of further motions in the action until after entry of a case management order following determination of the pending class certification motion. No further action was taken on Tri–City's motion.

The referenced settlement discussions were unsuccessful and did not conclude until approximately August, 1998. Thereafter, by letter dated November 5, 1998, Moving Defendants requested the court modify its April 7, 1998 order to permit Moving Defendants (and, presumably, any others wishing to do likewise) to file, for the reasons stated in the letter, a Rule 54(b) motion. By letters received November 12, 1998, November 13, 1998, and November 23, 1998, dismissed De-

fendants, Lincoln Medical and Mental Health Center, Tri–City, and University Hospital at the State University of New York at Stony Brook, respectively, joined in the request (Doc. #'s 638, 639 and 640.) By letter received November 12, 1998, Defendant ABEM stated it did not oppose the request. The court directed Plaintiffs' to respond in writing to these requests; Plaintiffs' letter opposing the requests was received November 24, 1998 (Doc. # 641). To avoid further delay in responding to Defendants' letter requests, the court elects to treat them as motions to vacate the court's April 7, 1998 order and for judgment pursuant to Rule 54(b) on the orders of dismissal; as Plaintiffs also stated their opposition to TriCity's motion, the court will now address such motion as well. As entry of a judgment pursuant to Rule 54(b) is dispositive and vacating of the court's prior stay order non-dispositive, and because the issues are closely related, the court will address both matters in this single document.

## DISCUSSION

Rule 54(b) permits entry of final judgment in an action "when multiple parties are involved . . . as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment." Fed.R.Civ.P. 54(b). Like a motion to vacate a prior order of the court relating to case management matters, a motion under Rule 54(b) is left to the sound discretion of the trial court. *Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 134 (2d Cir.1993) (decision to vacate case management order); *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992) (citing cases) (Rule 54(b) request). In determining whether to enter judgment under Rule 54(b), courts should be guided by "the interest of sound judicial administration" at both the trial and appellate levels, and avoid the possibility that later determination at trial of the remaining claims could render an intervening decision by the court of appeals moot or require the appeals court to decide the same issue twice. *Ginett, supra*, at 1095 (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100

S.Ct. 1460, 64 L.Ed.2d 1 (1980)). However, "if 'on any resolution of the pending claim the [appeals] court's determination of the appealed issue would stand and did *not have to be made in the alternative*,' then [the court] should hear the appeal." *Id.* (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 185 (2d Cir.1978) (emphasis added) (Friendly, J.)). The Second Circuit has held Rule 54(b) to be applicable where it would be "more efficient" for reinstatement of claims on appeal to occur in time for trial together with the remaining claims thereby avoiding an "expensive and duplicative trial." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 15 –16 (2d Cir.1997) (quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987)). Thus, where, similar to the immunity defenses in the instant case, a party has been dismissed based on sovereign immunity, entry of judgment on such ground was found justified in order to "prevent a duplicative trial and/or duplicative discovery." *Lombard v. Economic Development Administration of Puerto Rico*, 1998 WL 273093 *1 (S.D.N.Y.). Similar considerations of judicial economy and fairness to the dismissed party obtains where such dismissal is on personal jurisdictional grounds. *Core–Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir.1993); *Farrell v. Piedmont Aviation, Inc.*, 411 F.2d 812, 814–15 (2d Cir.), *cert. denied*, 396 U.S. 840, 90 S.Ct. 103, 24 L.Ed.2d 91 (1969).

Plaintiffs contend that Rule 54(b) judgment should not be entered as to do so would create unnecessary burdens while they complete discovery in connection with the pending class action motion, will thereafter be required to respond to remaining Defendants' opposition to the class certification request, and that Defendants delayed in presenting their request. Moving Defendants, on the other hand, point out that as the court has dismissed the action as to them on immunity and jurisdictional grounds, they should be entitled to be relieved of any further burden of litigation in this matter.

There is some merit to Plaintiffs' contention as this court recognized the desirability

of a sequential case management approach when it issued its order staying filing of further motions. However, that was before it became apparent that the class action motion would consume such an extensive period of additional litigation and to facilitate settlement discussions which have now been completed. Thus, at this time, it is the court's obligation to balance the burdens upon the parties which may result from entry of judgment, as Moving Defendants request, with the need to expedite ultimate resolution of a case which has been pending for almost 10 years and, at the present pace, is likely to extend into the next millennium. Anti-trust litigation can, of course, be complex and time-consuming, however, the court's duty is to control such tendencies in the interest of fair and reasonably prompt deposition of cases. In this regard, the court notes that when the referenced settlement discussions had been exhausted, Plaintiffs expressed to the court their strong desire to achieve early trial of the matter.

Remaining Defendants, such as Riverside Methodist Hospitals, moreover, may have valid defenses which do not require substantial additional discovery upon which to provide an adequate record suitable for summary judgment. It becomes an unfair burden to such parties if they are further delayed in bringing such motions, believing them to be meritorious, while the Plaintiffs' class action motion is being determined, a process which, given the current schedule, is likely to continue for some time.

Based upon the foregoing, the court finds that the strong case management interest in avoiding undue further delay in this case, justifies vacating this court's previous order of April 7, 1998 staying further motions without prior court approval. Accordingly, such order is hereby VACATED. Moving Defendants' motions for entry of Rule 54(b) judgment are therefore before the court.

In this case, dismissed Defendant's are presently dismissed from the case on alternative grounds of 11th Amendment and state action immunity and, as to Defendants Lincoln and Tri–City, statutory immunity against money damages under the Local Government Anti-trust Immunity Act, and

for lack of personal jurisdiction. Should these Defendants remain in that posture until the end of the case, either by trial or as a result of summary judgment, and if Plaintiffs should appeal and succeed in obtaining reversal of this court's order of dismissal against the dismissed Defendants on all of such grounds, it is conceivable that as these Defendants will not have participated in discovery on the merits, further discovery and an additional trial would be required.

As, however, the merits of Plaintiffs' anti-trust claims against the remaining Defendants are not intertwined with the grounds upon which the dismissed Defendants have been dropped from the case, *Brunswick, supra,* at 184, there is little risk that an appellate determination sustaining their dismissal would be rendered moot as a result of trial on the pending claims. Thus, if Rule 54(b) judgments are entered at this time it is unlikely the court of appeals will be required to hear the merits of the dismissal grounds a second time. The court recognizes that it is possible that a finding at trial on the merits against Plaintiffs as to the absence of any anti-trust injury conceivably could render an intermediate ruling on the dismissal issues moot even as to the dismissed Defendants. However, that procedural possibility does not lessen the finality of the dismissal orders entered based on the immunity and jurisdictional grounds for such dismissal.

On the other hand, as noted, if appeal on these questions is required to await final disposition by trial or dispositive motion, there is substantial risk if the claims against the dismissed Defendants be reinstated that additional discovery and further trial as to these Defendants may be required, contrary to "sound judicial administration." *Curtiss–Wright, supra.* In short, if Moving Defendants should be in this case, that determination should be made, at Plaintiffs' election, now, not later. Dismissed Defendants have a clear and valid interest in having the cloud of legal uncertainty, which may create collateral burdens to them, definitively removed at an early point. Indeed, if this court is correct in its finding on dismissed Defendants' 11th Amendment defense, they have a constitutional right to such relief.

Where defenses based on immunity and lack of subject matter jurisdiction are involved, judgment under Rule 54(b) has been held to establish sufficient finality as required by 28 U.S.C. § 1291 and desirable to avoid unnecessary second trials. *Lee v. Willins,* 617 F.2d 320, 321 (2d Cir.), *cert. denied,* 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980) (prosecutorial immunity); *Hunt v. Mobil Oil Corporation, et al.,* 550 F.2d 68, 70 (2d Cir.1977) (act of state doctrine precluded subject matter jurisdiction over defendant's third counterclaim and appeal from Rule 54(b) judgment would not delay trial or interfere with discovery). Here, if on appeal the claims against the dismissed Defendants are reinstated, they may yet be tried with the remaining claims. Such considerations of judicial economy have been held to justify judgment pursuant to Rule 54(b) where the disposition of the remaining issues would not moot the legal basis for dismissal. *Cullen v. Margiotta, supra.* In this case, subsequent disposition of the merits of Plaintiffs' claims against remaining Defendants would not moot an intervening ruling by the court of appeals on the correctness of this court's dismissal orders. It is neither in Defendants' nor Plaintiffs' interest to await the final outcome to find out if the Dismissed Defendants should be returned to the case.

As discussed, the court is not unmindful that these decisions may create additional work for Plaintiffs at an earlier time in the case than had been expected. But the court cannot ignore the Moving Defendants interests in seeking early determination of whether these Defendants should be reinstated, an interest which Plaintiffs have as well.

### CONCLUSION

Based on the foregoing, the order entered April 7, 1998 is VACATED; Defendants' motions for entry of judgment, pursuant to Fed. R.Civ.P. 54(b), upon this court's orders entered dismissing Moving Defendants from this action, filed November 19, 1997, ( Doc. # 582) should be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiffs and the Defendants.

SO ORDERED.

Feb. 12, 1999.